IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**SHERRY HAMMITT,**

    **Plaintiff,**

**v.**                                                                                              **Civil Action No. 5:21-cv-00204**

**MERRICK GARLAND,**
**Attorney General,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 2, 2021, Plaintiff, acting *pro se*, filed her Complaint against Defendant alleging employment discrimination and harassment based on sex and race. (ECF No. 2) Following service of the Complaint, on July 30, 2021, Defendant filed his ***Answer***, a ***Motion to Dismiss*** and ***Memorandum of Law*** supporting same (ECF Nos. 13, 14, 15). That same day the undersigned issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of her right to file a response to Defendant's Motion and submit Affidavit(s) or statements subject to the penalties of perjury, exhibits, and/or other legal or factual material supporting her positions and issues in the case as they are challenged by Defendant in the aforesaid Motion and Memorandum. (ECF No. 16) The Court further advised Plaintiff that if she chose to file a response in opposition to the Motion, she was ordered to file same with the Clerk of this Court on or before August 31, 2021. (Id.) Plaintiff was warned that a failure to respond to Defendant's Motion may result in a recommendation of denial of the relief sought in her complaint and dismissal of the suit. (Id.) Instead of filing a response to Defendant's Motion, on August 18, 2021, Plaintiff requested additional time in order to obtain counsel (ECF No. 17).

The undersigned granted Plaintiff's request, directing her to advise the Court by September 17, 2021 whether counsel had been obtained, or otherwise to file her response to Defendant's Motion (ECF No. 18). Plaintiff did not file any response to the Court's Order, therefore, on September 27, 2021, the Court issued another Order directing Plaintiff to show cause in writing on or before October 8, 2021 to explain why this civil action should not be dismissed for failure to prosecute. (ECF No. 19) To date, Plaintiff has failed to respond or acknowledge this Court's Orders. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, this matter should be dismissed.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:
    **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Plaintiff as she has not responded to the Court's Orders directing her to respond to Defendant's Motion or to show cause why this matter should not be dismissed for her failure to prosecute. With respect to the second and third factors, the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion" beyond the fact that Plaintiff has filed nothing in this action since her request for additional time to obtain counsel. Ostensibly, Defendant has been prejudiced to the extent of having to defend against Plaintiff's allegations as well as the result of Plaintiff's inaction despite having initially filed the Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's initial filing and the Financial Affidavit and Application that she filed with this Court. (See ECF No. 6) Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Orders advising Plaintiff that the undersigned would recommend dismissal if Plaintiff failed to file written responses to Defendant's Motion and to

show cause for her inaction in this matter. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Plaintiff is able to show good cause for her failure to prosecute.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** this action from the Court's docket without prejudice, and **TERMINATE** Defendant's *Motion* (ECF No. 14) as **MOOT**.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d

91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: October 13, 2021.

Omar J. Aboulhosn
United States Magistrate Judge